LORENZO D. KYLES, SR.,

        Plaintiff,

        v.                                Case No. 26-CV-299

MYRON OLSON, et al.,

        Defendants.

## SCREENING ORDER

Plaintiff Lorenzo D. Kyles, Sr., who is currently serving a state prison sentence at Jackson Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the Court on Plaintiff's motion for leave to proceed without prepayment of the filing fee and motion for a preliminary injunction and to screen the complaint.

### MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Plaintiff has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. § 1915(b)(1). Plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed an initial partial filing fee of $46.18. On March 18, 2026, Plaintiff paid $350.00. Plaintiff's motion for leave to proceed without prepayment of the filing fee will be granted.

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

2

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

**ANALYSIS**

Plaintiff has filed a 28-page complaint with 78-pages of attached exhibits alleging that Defendants violated the free exercise clause of the First Amendment and the Religious Land Use and Institutionalized Persons Act. Plaintiff seeks to pursue claims based on allegations that (1) Chaplain Myron Olson did not allow him to buy a Kufi; (2) Chaplain Olson, Warden Lizzie Tegels, Security Director Casey Jensen, Unit Manager Melinda Derus, and Program Director E. Speckhart denied his request for a Passover dining accommodation; (3) Plaintiff's food was not kosher-compliant; (4) Plaintiff did not receive a meal accommodation for Tisha B' Av and Yom Kippur; (5) Chaplain Olson retaliated against Plaintiff; and (6) the inmate complaint examiner denied his grievances and made the administrative remedies unavailable. The complaint must be dismissed because Plaintiff improperly brings unrelated claims in a single case.

As instructed by the Seventh Circuit, under the controlling principle of Rule 18(a) of the Federal Rules of Civil Procedure, "[u]nrelated claims against different defendants belong in different suits" so as to prevent prisoners from dodging the fee payment or three strikes provisions in the Prison Litigation Reform Act. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Specifically, Rule 18(a) provides that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternate claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). Under this rule, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George*, 507 F.3d at 607.

3

Moreover, the court in *George* reminded district courts that Rule 20 of the Federal Rules of Civil Procedure applies as much to prisoner cases as it does to any other case. *Id.* Under Rule 20, joinder of multiple defendants into one action is proper only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20.

Although Plaintiff may believe that all of his claims are related, the Court concludes that there are no significant questions of law or fact common to all of Plaintiff's purported claims or all of the defendants that would satisfy Rule 20. Instead, the claims involve distinct incidents that occurred on different days over the course of one year and involve a different core set of defendants. Stated differently, the purported claims against the defendants do not arise out of the same transaction or occurrence nor do they share common questions of law or fact. For example, the factual and legal underpinnings of Plaintiff's claim that Chaplain Olson did not allow Plaintiff to buy a Kufi will have nothing in common with the factual and legal underpinnings of Plaintiff's claim that his food was not kosher-compliant.

The Court finds that the complaint fails to comply with Rules 18 and 20. If Plaintiff wants to continue with this action, he must file an amended complaint which cures the deficiencies in the original complaint as described herein. An amended complaint must be filed on or before **April 23, 2026**.

Should Plaintiff choose to file an amended complaint with only related claims, it will replace the original complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). Plaintiff should prepare his amended complaint like he is telling a story to

someone who knows nothing about the facts of his case.  In other words, he should explain (1) what happened; (2) who was involved; (3) when it happened; and (4) how he was impacted by what happened.  Plaintiff may pursue unrelated claims in different lawsuits, but he is reminded that he must pay the filing fee for every new lawsuit he files.  Plaintiff must also use the Court's amended complaint form.  *See* Civil L.R. 9(b).  If he needs additional space, he may add up to *five* pages.

If Plaintiff files an amended complaint, the Court will screen it pursuant to 28 U.S.C. § 1915A.  If he chooses not to file an amended complaint, the Court will dismiss this action based on his failure to diligently prosecute it.

### MOTION FOR A PRELIMINARY INJUNCTION

Plaintiff has filed a motion for a preliminary injunction against the defendants for not allowing him to eat kosher-for-Passover meals in his room and purchase a Kufi based on his sincere beliefs.  Dkt. No. 8.  A party seeking a preliminary injunction must make a threshold showing that "(1) absent preliminary injunctive relief, he will suffer irreparable harm in the interim prior to a final resolution; (2) there is no adequate remedy at law; and (3) he has a reasonable likelihood of success on the merits." *Tully v. Okeson*, 977 F.3d 608, 612–13 (7th Cir. 2020) (internal quotation marks and citation omitted).  Because there is no longer an operative complaint in this case, Plaintiff fails to show that he is entitled to relief.  Accordingly, Plaintiff's motion for a preliminary injunction is denied.

### CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that the complaint submitted on February 23, 2026, is **DISMISSED**.

5

**IT IS FURTHER ORDERED** that Plaintiff's motion for a preliminary injunction (Dkt. No. 8) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff must file an amended complaint on or before **April 23, 2026**, which contains only related claims in accordance with this order. If he does not file an amended complaint, the Court will dismiss this action based on his failure to diligently prosecute it.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a blank prisoner complaint form and a copy of the guide entitled "Guide to Filing Prisoner Complaints Without a Lawyer in the United States District Court for the Eastern District of Wisconsin," along with this order.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Honorable Byron B. Conway
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

6

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Green Bay, Wisconsin on March 23, 2026.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge

7