UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LORENZO D. KYLES, SR.,

              Plaintiff,

        v.                                 Case No. 26-CV-299

MYRON OLSON,
LIZZIE TEGELS,
CASEY JENSEN,
E. SPECKHART,
MELINDA DERUS,
KELLY MARWITZ,
MELISSA GILLES,
RICHARD GIROUX, and
SGT. KLIMPKE,

              Defendants.

## SCREENING ORDER

Plaintiff Lorenzo D. Kyles, Sr., who is currently serving a state prison sentence at Jackson Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. On March 23, 2026, the Court screened and dismissed the original complaint for failing to comply with Federal Rules of Civil Procedure 18 and 20 but allowed Plaintiff to file an amended complaint. Plaintiff filed an amended complaint on April 24, 2026.

Plaintiff continues to combine unrelated claims against unrelated defendants in his amended complaint. "[U]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also* Fed. R. Civ. P. 18 & 20. Although Plaintiff alleges that the defendants violated the free exercise clause of the First Amendment and the Religious Land Use and Institutionalized Persons Act, Plaintiff's claims involve distinct

incidents that occurred over a two-year period and involve a different core set of defendants. In other words, the purported claims against the defendants do not arise out of the same transaction or occurrence nor do they share common questions of law or fact. When a plaintiff files a complaint with unrelated claims, the Court can "solve the problem . . . by dismissing the excess defendants under Fed. R. Civ. P. 21." *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) (citation omitted). The Court will therefore pick a claim from the amended complaint and dismiss the remainder of Plaintiff's unrelated claims without prejudice.

## SCREENING OF THE AMENDED COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a

2

complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

### ALLEGATIONS OF THE AMENDED COMPLAINT

In screening a complaint, the Court accepts the allegations as true and draws all reasonable inferences in the plaintiff's favor. *See Schillinger v. Kiley*, 954 F.3d 990, 994 (7th Cir. 2020) (citation omitted). The Court notes, however, that the allegations in the amended complaint are just that, allegations; they are Plaintiff's version of the events that have purportedly occurred. With this in mind, the Court will summarize Plaintiff's allegations as presented in the amended complaint.

Plaintiff has been confined at Jackson Correctional Institution since January 2024. He is a Hebrew-Israelite who has been practicing Judaism for over two decades. Plaintiff is required by his sincere religious beliefs to wear a kufi, recite daily prayers three times a day, observe the Sabbath and Rosh Hashanah, fast for Tisha B' Av and Yom Kippur, and celebrate Passover and the Feast of Unleavened Bread. Am. Compl. at 3, Dkt. No. 12.

In late-August 2024, Plaintiff wrote to Chaplain Myron Olson requesting to purchase a kufi head covering. Chaplain Olson denied his request. In early-September 2024, Plaintiff submitted another request to Chaplain Olson, stating that wearing a kufi is necessary to his faith. In response, Chaplain Olson forwarded Plaintiff a DOC-2075 form (request for new religious practice or property) to complete. On September 19, 2024, Plaintiff asked Chaplain Olson about the status of

3

his DOC-2075 form. Chaplain Olson responded that Plaintiff's DOC-2075 form was sent to the Religious Practices Advisory Committee (RPAC) program director in Madison, Wisconsin, for review and that the decision may take some time. Two days later, Plaintiff asked Chaplain Olson how long it would take for his request to be processed. Chaplain Olson responded, "I wrote back already and a decision will be made whenever Madison makes it." On September 26, 2024, Plaintiff told Chaplain Olson that the kufi he has is very old. Chaplain Olson stated that Plaintiff is limited only to a yarmulke regardless of his Hebrew faith and that the RPAC is very busy. *Id.* Plaintiff asserts that DAI Religious Practice Coordinator Kelly Marwitz delayed the approval of Plaintiff's request for a kufi.

On November 30, 2025, Plaintiff placed a grievance, JCI-2025-17117, in the inmate complaint examiner (ICE) mailbox about the RPAC delaying the approval of his request for a religious property item. ICE Melissa Gilles returned the complaint, instructing Plaintiff to resolve the issue with CPS Barclay, provide a response, list a single date rather than indicate that the event is ongoing, and resubmit the complaint within ten days. Plaintiff resubmitted the grievance on December 7, 2025. On December 23, 2025, ICE wanted to wait to decide the grievance until RPAC made a final decision. *Id.* at 4–5.

## ANALYSIS

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). Plaintiff asks to proceed on claims under the First Amendment and the Religious Land Use and Institutionalized Persons Act (RLUIPA).

4

Under the First Amendment, "[p]risoners retain the right to exercise their religious beliefs, although that right is not unfettered." *Ortiz v. Downey*, 561 F.3d 664, 669 (7th Cir. 2009). Where prison officials "personally and unjustifiably place[] a substantial burden on [an inmate's] religious practices," they may violate an inmate's constitutional rights. *Thompson v. Holm*, 809 F.3d 376, 379–80 (7th Cir. 2016). "A substantial burden '[p]uts substantial pressure on an adherent to modify his behavior and to violate his beliefs.'" *Id.* (quoting *Thomas v. Review Bd.*, 450 U.S. 707, 717–18 (1981)). RLUIPA prohibits the government from imposing "a substantial burden on the religious exercise of a person residing in or confined to an institution," unless "that imposition of the burden on that person: (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a). Based on this standard, Plaintiff states First Amendment and RLUIPA claims against Chaplain Olson and DAI Religious Practice Coordinator Marwitz based on his allegations that, despite advising that his religious beliefs required that he wear a kufi, they delayed his ability to purchase one.

Plaintiff does not state a claim against ICE Gilles, however. "Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause, and so the alleged mishandling of [Plaintiff's] grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953–54 (7th Cir. 2011) (citation omitted). Plaintiff cannot state a First Amendment or RLUIPA claim against ICE Gilles because she was not personally responsible for the alleged violation of Plaintiff's rights. *See Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). Therefore, ICE Gilles will be terminated as a defendant in this case.

The remainder of Plaintiff's allegations contained in the amended complaint are not properly joined in this action. *See* Fed. R. Civ. P. 20. Therefore, pursuant to Federal Rule of Civil

5

Procedure 21, the Court will "drop" these claims from the action. If Plaintiff wants to pursue these claims, he must do so in separate cases. *See George*, 507 F.3d at 607 (explaining that a plaintiff cannot bring unrelated claims against different defendants in the same case). Plaintiff is advised that he must pay the filing fee for every new case he files. Because Plaintiff does not state a claim against Warden Lizzie Tegels, Security Director Casey Jensen, Program Director E. Speckhart, Unit Manager Melinda Derus, Warden Richard Giroux, and Sgt. Klimpke regarding the delay in Plaintiff receiving a kufi, they will be terminated as defendants in this case.

**IT IS THEREFORE ORDERED** that Warden Lizzie Tegels, Security Director Casey Jensen, Program Director E. Speckhart, Unit Manager Melinda Derus, Inmate Complaint Examiner Melissa Gilles, Warden Richard Giroux, and Sgt. Klimpke are **TERMINATED** as defendants in this action.

**IT IS FURTHER ORDERED** that, pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Plaintiff's amended complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Chaplain Myron Olson and DAI Religious Practice Coordinator Kelly Marwitz.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Chaplain Myron Olson and DAI Religious Practice Coordinator Kelly Marwitz shall file a responsive pleading to the amended complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all

6

inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Honorable Byron B. Conway
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Plaintiff may find useful in prosecuting this case.

Dated at Green Bay, Wisconsin on May 6, 2026.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge