UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

LORENZO D. KYLES, SR.,

Plaintiff,

v. Case No. 26-CV-299

MYRON OLSON et al.,

Defendants.

---

**ORDER**

---

Plaintiff Lorenzo D. Kyles, Sr., is currently incarcerated at Jackson Correctional Institution and representing himself in this 42 U.S.C. § 1983 case. He is proceeding on First Amendment and Religious Land Use and Institutionalized Persons Act claims against Chaplain Myron Olson and DAI Religious Practice Coordinator Kelly Marwitz based on allegations that, despite advising that Plaintiff's religious beliefs required that he wear a kufi, they delayed Plaintiff's ability to purchase one. (ECF No. 14.) The discovery deadline is December 16, 2026, and the dispositive motion deadline is January 19, 2027. (ECF No. 19.) This matter comes before the Court on Plaintiff's motion for leave to file a second amended complaint.

Plaintiff seeks leave to file a second amended complaint to add a retaliation claim against Chaplain Olson. He asserts that Chaplain Olson has retaliated against him for filing this lawsuit and inmate grievances. (ECF No. 21.) Under Federal Rule of Civil Procedure 15(d), "[a] court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." The Court "generally does not allow prisoners to supplement or amend their complaints to include new claims

that they have been retaliated against for filing the underlying lawsuit." *Adams v. Tegels*, No. 18-cv-971, 2019 WL 5188971, at *2 (W.D. Wis. Oct. 15, 2019). Allowing amendments for this type of claim "risk[s] delaying resolution of the case indefinitely while the parties litigate and conduct discovery on each discrete instance of retaliation that may occur while the lawsuit progresses." *Atkinson v. Mackinnon*, No. 14-cv-736, 2015 WL 13658057, at *1–2 (W.D. Wis. Oct. 29, 2015). If Plaintiff wishes to pursue a retaliation claim against Chaplain Olson, he must do so in a separate lawsuit. For these reasons, Plaintiff's motion for leave to file a second amended complaint is denied.

Plaintiff also states in his motion that he "agree[s] to dismiss Kelly Marwitz from this lawsuit." (ECF No. 21 at 2.) He asserts that she was not at fault for the delay in Plaintiff receiving a kufi. (*Id.*) The Court will grant Plaintiff's request to dismiss DAI Religious Practice Coordinator Marwitz as a defendant pursuant to Federal Rule of Civil Procedure 15(a)(2). *See Taylor v. Brown*, 787 F.3d 851, 858 (7th Cir. 2015) (noting that Rule 15(a)(2) is the proper vehicle to add or drop parties and claims).

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to file a second amended complaint (ECF No. 21) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's request to dismiss Kelly Marwitz as a defendant from this case (ECF No. 21) is **GRANTED**. The Clerk is directed to terminate Kelly Marwitz as a defendant from this case.

Dated at Green Bay, Wisconsin on September 8, 2026.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge